

# ORANGE COUNTY DEPARTMENT OF LAW

## RICHARD B. GOLDEN
### COUNTY ATTORNEY

**Steven M. Neuhaus**
County Executive

**Carol C. Pierce**
*Deputy County Attorney*

<u>Municipal Law Division</u>

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Joseph F. Mahoney   Holly L. Reinhardt
Marina V. O'Neill    Donna M. Badura
Lisa M. James        Stephanie T. Midler
Lia E. Fierro        Lisa M. Morgillo
Cedric A. Cooper     William S. Badura
Dante D. De Leo

<u>Family Law Division</u>

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
Peter R. Schwarz           David S. Meffert
Linda P. DaSilva           Stephanie Bazile
Ferol L. Reed-McDermott    Michael Rabiet
Karen A. Amundson          Tammy A. Delile
Eve I. Lincoln             Rebecca McGee
Stephen Toole

May 21, 2025

Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

  Re: Green (v) Orange County, et al.
    Case No.: 25-cv-3278 (NSR)

Dear Judge Román:

  This office represents defendants Orange County, Lt. Gessner, Sgt. Mullins and Officers Conca, Palmer, Sadita, Narcise and Lattimer (collectively the "County Defendants") in the above referenced matter.[1] Pursuant to the Court's Individual Rules of Practice, we write to request a pre-motion conference for purposes of obtaining the Court's permission to file a partial motion to dismiss on behalf of defendants Orange County, Narcis, Lattimer and Mullins pursuant to F.R.C.P. 12(b)(6) on the grounds specified below, *inter alia*.[2]

  Plaintiff's complaint, filed on April 21, 2025, alleges violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. She also asserts claims for municipal liability as against the County of Orange pursuant to Section 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). In addition, she alleges state law claims for violations of the New York State Constitution and negligent training and supervision.

---

[1] This office is not appearing on behalf of any of the unidentified John Doe defendants as none of them have been served with process.
[2] Because the County Defendants can only submit a three-page letter in support of their request for a pre-motion conference, they are unable to adequately set forth all the grounds for their motion herein.

**Municipal Liability**

Dismissal is appropriate against the County for failure to state a cause of action as plaintiff has not and cannot state a Monell claim against the County. Indeed, the complaint fails to sufficiently identify any municipal custom or policy of the County that would allow for the imposition of Sec. 1983 liability as against it. While plaintiff alleges that the County has a policy of forcing religiously observant individuals to remove their religious head coverings for post-arrest photos, "[a]t the pleading stage, 'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Guerrero v. City of New York*, (No. 12 Civ. 2916 (RWS)), 2013 WL 673872 at, * 2 (S.D.N.Y. Feb. 25, 2013) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). Here, plaintiff's complaint is devoid of factual details supporting her boilerplate recitation of the *Monell* standard. Moreover, it is well-settled that plaintiff's reference to isolated incidents involving only plaintiff herself is insufficient to state a *Monell* claim. *See Newton v. City of New York*, 566 F.Supp.2d 256, 270 (S.D.N.Y. 2008).

Similarly, plaintiff's RLUIPA claim against the County also fails because plaintiff has not sufficiently alleged that a municipal policy, custom or practice implicated her religious exercise. *See Ramirez v. Collier*, 595 U.S. 411, 425 (2022) (citing *Holt v. Hobbs*, 574 U.S. 352, 360 (2015)). *See also Wilson v. City of New York*, (18-CV-2262 (AMD)(MMH)), 2023 WL 1070458, at * 4, n. 10 (". . . RLUIPA claims may not be sustained against municipalities in the absence of allegations that the substantial burden on the plaintiff's religious exercise stemmed from an official policy, custom or practice.").

**Prison Litigation Reform Act**

Dismissal is also warranted as to plaintiff's claims concerning the alleged denial of meals compliant with her religious beliefs in March and April 2025 as well as her claims concerning a retaliatory cell search alleged to have taken place on April 1, 2025. (*See* Complaint, ¶¶ 119-142). Simply put, it is clear from the face of the complaint that plaintiff failed to exhaust her administrative remedies as to these claims prior to commencing this action as required by the Prison Litigation Reform Act. As noted, the events complained of took place on or about March 4, March 24 and April 1 of this year. This action was commenced on April 21, 2025 with the filing of the original complaint. Put simply, plaintiff could not plausibly have filed her grievances concerning these incidents, received a response, filed an appeal to the Chief Administrative Officer, received a response and filed another appeal to the State Commission of Correction and received a response in this brief period. See 9 NYCRR Sec. 7032; *Perez v. City of New York*, (No. 14 Civ. 07502 (LGS)), 2015 WL 3652511, at * 3 (S.D.N.Y. June 11, 2015); *Medina v. Nassau County Sheriff Dept.*, (No. 11-cv-228 (JFB)(GRB)), 2013 WL 4832803, at * 5 (E.D.N.Y. Sept. 10, 2013) (determining that proper exhaustion of plaintiff's grievance concerning his medical treatment was impossible given the timing of the filing of plaintiff's complaint); *Price v. City of New York*, (11-CV-6170 (TPG)), 2012 WL 3798227, at * 3 (S.D.N.Y. Aug. 30, 2012).

**State Law Claims**

Plaintiff asserts two claims under New York state law – a violation of Article, Section 3 of the New York State Constitution and a claim for negligent training and supervision. These claims are subject to dismissal on multiple grounds: (1) plaintiff failed to serve a notice of claim;

(2) there is no private cause of action under the New York State Constitution. *See generally Jordan v. County of Chemung*, 264 F.Supp.3d 497, 523 (W.D.N.Y. 2017) (plaintiff's "failure [to serve a notice of claim] is fatal to all of [her] state law claims, including [her] state constitutional claims against the county."); *Ahmad v. New York City Health and Hospitals Corp.*, (20-Civ. 675 (PAE)), 2021 WL 1225875, at * 35-36 (S.D.N.Y. March 31, 2021) (noting that the Second Circuit and district courts within the circuit have consistently held that there is no private cause of action under the state constitution where there is an alternative remedy available to plaintiff).

**Retaliation**

"Because of the relative ease with which claims of retaliation can be invoked, courts should examine such claims 'with skepticism and particular care.'" *Thaxton v. Simmons*, (Civ. No. 9:10-CV-1318 (MAD)(RFT)), 2012 WL 360104, at * 7 (N.D.N.Y. Jan. 5, 2012) (*quoting Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020) (citation omitted)). This is true "because virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Accordingly, "a prisoner's claim of retaliation must be supported by specific and detailed factual allegations." *Baskerville v. Blot*, 224 F.Supp.2d 723, 732 (S.D.N.Y. Sep. 18, 2002) (*citing Colon, supra* at 872)). With these guidelines in mind, to survive a motion to dismiss a complaint, a plaintiff asserting First Amendment retaliation claims must allege (1) that the speech or conduct at issue was protected, (2) that defendant took adverse action against plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Dawes, supra* at 492). Moreover, "[t]he causal connection must be sufficient to support an inference that the protected conduct played a substantial part in the adverse action." *Colon*, 58 F.3d at 872-873.

Briefly, plaintiff asserts a claim for retaliation against defendants Gessner, Narcis, and Lattimer relative to cell searches conducted by these individuals. However, as to defendants Narcis and Lattimer she has failed to adequately allege the requisite causal connection to render them liable for First Amendment retaliation. While plaintiff alleges that she made a verbal complaint to Lt. Gessner concerning inadequate recreation time the day prior to the August 20, 2024 cell search, she does not allege that Officers Narcis or Lattimer were present for or aware of said complaint. She cannot simply impute knowledge to them without asserting any facts in support of same. Likewise, while she maintains that Narcis searched her cell in January 2025 in retaliation for the grievances she filed, she also explicitly acknowledges that every cell in the unit was searched on that occasion further undermining her assertion that the search was targeted or retaliatory. The same is true of the April 1, 2025 cell search.

Should the Court permit the County Defendants to file a motion, the undersigned respectfully requests that the time for the non-moving defendants to file an answer be extended until fourteen days after the Court issues a decision on the motion pursuant to F.R.C.P. 12(a)(4)(A). Should the Court deny said request, the undersigned seeks an additional thirty days to file an answer on behalf of non-moving defendants.

Based on the foregoing, the County Defendants respectfully request that they be permitted to file a partial motion to dismiss.

Respectfully submitted,

*[signature]*

KELLIE E. LAGITCH
Chief Assistant County Attorney

KEL/ag
cc:   All counsel (via ECF)