

**Steven M. Neuhaus**
**County Executive**

# ORANGE COUNTY DEPARTMENT OF LAW

### RICHARD B. GOLDEN
#### COUNTY ATTORNEY

*Carol C. Pierce*
*Deputy County Attorney*

**Municipal Law Division**

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Joseph F. Mahoney    Donna M. Badura
Williams S. Badura   Lia E. Fierro
Marina V. O'Neill    Lisa M. James
Stephanie T. Midler  Lisa M. Morgillo
Cedric A. Cooper     Dante D. De Leo

**Family Law Division**

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
Peter R. Schwarz         David S. Meffert
Linda P. DaSilva         Stephanie Bazile
Ferol L. Reed-McDermott  Michael Rabiet
Karen A. Amundson        Tammy A. Delile
Eve I. Lincoln           Rebecca McGee
Stephen Toole

July 21, 2025

Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

    Re:    Green (v) Orange County, et al.
              Case No.: 25-cv-3278 (NSR)

Dear Judge Román:

      This office represents defendants Orange County, Lt. Gessner, Sgt. Mullins and Officers Conca, Palmer, Sedita, Narcise and Lattimer (collectively the "County Defendants") in the above referenced matter. Pursuant to Section 3.A.ii of the Court's Individual Rules of Practice in Civil Cases, we write to request a pre-motion conference for purposes of obtaining the Court's permission to file a motion to stay discovery pending the Court's adjudication of the County Defendants' partial motion to dismiss. Alternatively, the County Defendants request that the Court grant a discovery stay without a pre-motion conference.

      Plaintiff alleges violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. She also asserts claims for municipal liability as against the County of Orange pursuant to Section 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). By letter dated May 21, 2025, the County Defendants sought permission from the Court to file a partial motion to dismiss. (ECF Docket # 31). The following day, the Court issued an Order directing plaintiff to respond to the County Defendants' letter by May 27, 2025. (ECF Docket # 32). Rather than respond, plaintiff's counsel contacted me to obtain my consent to

plaintiff's request to file an amended complaint. I agreed and the Court granted plaintiff permission to file an amended complaint by June 6, 2025. (ECF Docket # 34).

By letter dated June 23, 2025, the County Defendants again sought the Court's permission to file a partial motion to dismiss as well as an extension of time to answer on behalf of the non-moving defendants should the Court grant the County's request to file a motion. (ECF Docket # 37). Plaintiff's counsel opposed the request and asked the court to schedule a Rule 16 conference so that discovery could proceed. (ECF Docket # 39). By Order dated June 30, 2025, the Court issued a briefing schedule for the County Defendants' proposed partial motion to dismiss. Pursuant to the Order, the motion will not be fully briefed until September 15, 2025. The Court did not schedule a Rule 16 conference.

By letter dated July 2, 2025, the County Defendants sought clarification of the Court's prior Order as it did not address the County Defendants' request that the time for the non-moving defendants to answer be extended until fourteen days after the Court issued an order on their partial motion to dismiss. (ECF Docket # 41). Alternatively, the County Defendants sought an additional thirty days to answer on behalf of the non-moving defendants. Plaintiff's counsel opposed the request for such an extension as well and again asked that the Court schedule a Rule 16 conference for purposes of scheduling discovery. (ECF Docket #42). By Order dated July 7, 2025, the Court issued an Order indicating that the non-moving parties would have an additional fourteen days from the date of the Court's decision on the motion to dismiss to answer. Again, the Court did not schedule a Rule 16 conference.

On July 10, 2025, counsel for the parties participated in a Rule 26(f) conference. Prior to the conference, counsel for plaintiff provided the undersigned with the attached proposed scheduling order. (*See* Exhibit "A" hereto). Pursuant to the proposed scheduling order, all discovery in the case would be completed by April 3, 2026. I advised plaintiff's counsel that I did not agree to the proposed order as it would, likely, require the County Defendants to complete discovery before receiving a decision on the motion and prior to filing an answer. Alternatively, I proposed that the parties engage in limited paper discovery relative to plaintiff's multiple incarcerations at the Orange County Correctional Facility ("OCCF").[1] Counsel for plaintiff advised that she would confer with her colleagues concerning my proposal and get back to me. When I followed up with her a week later, she advised that she did not agree to the limited discovery I had proposed and provided me with both her Rule 26(a) disclosures and a set of document demands and interrogatories, copies of which are attached. (*See* Exhibit "B" hereto).

It is well-settled that district courts have the power to stay proceedings. *See Landis v. Noth American Co.*, 299 U.S. 248, 254 (1936) (indicating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants."). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of New York*, 2012 WL 947498, at * 1 (E.D.N.Y. March 20, 2021). In determining whether a stay is warranted, "[c]ourts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the

---

[1] Per plaintiff's First Amended Complaint, she has been booked at the OCCF "for an estimated total of over 30 times." (ECF Docket #36, ¶76).

motion." *Camara v. Alltran Fin. LP,* 2021 WL 8531660, at *1 (S.D.N.Y. Sept. 22, 2021) (cleaned up).

Here, the scope of discovery is broad as plaintiff is seeking documents to support her claims for municipal liability pursuant to Section 1983 and RLUIPA. Indeed, plaintiff seeks copies of policies in multiple document requests. Many of these requests will become irrelevant if the motion to dismiss is granted as against the County of Orange. Indeed, courts frequently stay discovery as to *Monell* claims until such time as individual liability can be established because such discovery is considered vast, costly and time-consuming. *See generally Oliver v. City of New York*, 540 F.Supp.3d 434, 437 (S.D.N.Y. 21021); *Dixon v. City of Buffalo,* 2022 WL 22834228, at * 5 (W.D.N.Y. March 8, 2022). Moreover, as indicated above, plaintiff has been detained at the OCCF over thirty times.

Plaintiff also seeks copies of "[a]ll documents concerning any prior complaint by any person alleging that any of the Participating Officers deprived a person of his or her constitutional rights, acted dishonestly, or made statements or took actions that were offensive, insensitive, or biased toward any particular religious, social, racial or ethnic group." (Demand No. 18). However, complaints against individual officers are not necessarily maintained in their personnel files. For example, grievances against officers are maintained in the file of the inmate that filed the grievance. Thus, responding to this request would be particularly onerous and unnecessary as to officers who may be dismissed from the action in connection with the County Defendants' partial motion to dismiss.

Separately, plaintiff cannot establish that her claims for damages are time sensitive particularly considering that she is currently incarcerated in a NYSDOCCS facility serving a 3 ½ year sentence. Plainly, the mere passage of reasonable time "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at * 9 (S.D.N.Y. April 26, 2019).

Finally, even though the County Defendants' partial motion to dismiss will not dispose of the case in its entirety, the motion will, if successful, substantially narrow the issues remaining in the case and therefore narrow the scope of discovery. Thus, proceeding with discovery, while the motion is pending, will result in a waste of the parties' resources, as well as judicial resources, and place an undue burden on defendants. *See generally Rivera v. Heyman* 1997 WL 86394, at * 1 (S.D.N.Y. Feb. 27, 1997).

Based on the foregoing, the County Defendants respectfully request that the Court schedule a pe-motion conference and permit them to file a motion to stay all discovery in this action. However, should the Court agree, based on the analysis above, that a stay is justified, the County Defendants respectfully request that the Court enter a stay without a formal motion.

Respectfully submitted,

*Kellie E. L.*

KELLIE E. LAGITCH
Chief Assistant County Attorney

cc:   All counsel (via ECF)