**Kaufman
Lieb
Lebowitz &
Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

July 24, 2025

**By ECF**

Hon. Nelson S. Román
United States District Judge
300 Quarropas St.
White Plains, NY 10601-4150

  Re: *Green v. Orange County*, et al., No. 25 Civ. 3278 (NSR)

Your Honor,

  We represent Plaintiff Tammi Green. We write to oppose Defendants' pre-motion letter requesting a stay of discovery pending their anticipated partial motion to dismiss.[1] The Court should deny Defendants' request because this case will ultimately proceed to discovery, and the scope of discovery will not change based on the outcome of the motion.

  **I.**  **Background**

  Ms. Green is a practicing Muslim woman who suffered religious discrimination and retaliation by Orange County and its officers when they forced her to remove her hijab for booking and jail identification photos and targeted her with retaliatory cell sweeps involving the confiscation and destruction of her religious items. Am. Compl., ECF No. 36. Four of eight Defendants intend to file a partial motion to dismiss. ECF No. 37. Despite not requesting a stay of discovery in any previous filing, Defendants' counsel informed Plaintiff's counsel at their Rule 26(f) conference that she would not agree to a scheduling order and would refuse to participate in full discovery until the motion was decided. After Plaintiff served her initial disclosures and first set of discovery requests, Defendants filed the instant pre-motion conference letter. ECF No. 44 ("Def. Ltr.").

  **II.**  **A Stay of Discovery is Not Warranted**

  Discovery "should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024). Rather, a party seeking a stay "must establish good cause for the stay," as determined by "(1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Pullman v. Collins*, No. 24 Civ. 1383, 2025 WL 1004731, at *1 (S.D.N.Y. Apr. 3, 2025). Courts also "tend to consider whether the resolution of the pending motion to dismiss may dispose of the

---

[1] The anticipated partial motion seeks to dismiss only Plaintiff's municipal liability claims, the retaliation claims against Defendants Narcise and Lattimer, and those claims premised upon the denial of Plaintiff's religiously compliant meals and her April 1, 2025, cell search. Defendants do not seek dismissal of Plaintiff's free exercise and failure to intervene claims against the Individual Defendants or her retaliation claims against Defendants Gessner and John Does #5-8.

Alanna Kaufman* • Douglas E. Lieb‡ • David A. Lebowitz • Alison Frick*

Alyssa Isidoridy • Kyla Magun • Ray Durham†

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut.  †Only admitted in Maryland

entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22 Civ. 377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (cleaned up).

### a. The Scope of Discovery Is Sufficiently Narrow

There is no good cause for a stay. To start, the scope of discovery is sufficiently narrow, and the partial motion to dismiss will not meaningfully narrow it further. Regardless of the outcome of that motion, Plaintiff will still be entitled to discovery into the circumstances around her free exercise, failure to intervene, and retaliation claims against the Individual Defendants. *Khan*, 757 F. Supp. 3d at 336; *see also id.* at 335 (collecting cases denying stays pending partial motions to dismiss). Accordingly, Defendants will still be required to produce discovery concerning Plaintiff's booking and identification photographs, the retaliatory cell sweeps in 2024 and 2025, and the confiscation and destruction of her religious property. Am. Compl. ¶¶ 42-122. That is exactly the discovery Plaintiff seeks now. Where, as here, the resolution of a partial motion to dismiss "will not meaningfully change the scope or burden of discovery," a stay of discovery is "less appropriate." *Bennett v. Cuomo*, No. 22 Civ. 7846, 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023).

Defendants contend that Plaintiff's requests for policy documents "will become irrelevant if the motion to dismiss is granted against the County of Orange." Def. Ltr. at 3. But Plaintiff's requests—which seek documents concerning the County's policies related to the taking and storing booking and identification photographs, religious accommodations, and officers' obligations to intervene to prevent unconstitutional acts—are all relevant to Plaintiff's claims against the Individual Defendants and she will be entitled to discovery on them regardless of the outcome of the partial motion. *See, e.g.*, *Stolarik v. City of New York*, No. 15 Civ. 5858, 2017 WL 4712423, at *4 (S.D.N.Y. Sept. 7, 2017) (in First Amendment retaliation case, "Defendants' departure from usual practice provides evidentiary support for Plaintiff's claim that the reason for [defendants'] decision was retaliation") (collecting cases).

Defendants' argument against "onerous" and "unnecessary" discovery into prior complaints against "officers who may be dismissed from this action" is a red herring: <u>Even if the anticipated motion were granted in full, only one of seven individual defendants would be dismissed from this action</u>. Although Defendants challenge the retaliation claims against Defendants Narcise and Lattimer, ECF No. 37 at 3, Plaintiff's free exercise and failure to intervene claims against those Defendants remain unchallenged, Am. Compl. ¶¶ 148-68, along with all of her claims against Defendants Conca, Palmer, Sedita, and Gessner. Thus, in all events, Defendants will have to search for and produce grievance information relevant to the individual defendants regardless of the outcome of the motion.

In sum, Plaintiff seeks narrow discovery that she will be entitled to regardless of the outcome of Defendants' forthcoming motion. Indeed, Plaintiff sent just 25 document requests and 12 interrogatories to all eight Defendants—well "below the amount allowed under the rules." *Pullman*, 2025 WL 1004731, at *1 (citing Fed. R. Civ. P. 33(a) (allowing up to 25 interrogatories per party)). There is no good cause for a stay based on the "breadth" of discovery.

### b. Defendants Have Not Met Their Burden of Proving the Strength of Their Anticipated Motion

Defendants have not proven the strength of their anticipated partial motion. As an initial matter, because there is "no pending motion that potentially disposes of this entire action," this factor weighs against Defendants. *CT Espresso LLC*, 2022 WL 1639485, at *2 (denying stay pending a partial motion to dismiss). Moreover, as the party seeking a stay, Defendants have failed to meet their burden to "present substantial arguments for dismissal" or make "a strong showing that the plaintiff's claim is unmeritorious." *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022) (citations omitted). Indeed, they make no argument regarding the strength of their partial motion at all. *See generally* Def. Ltr. at 3.

All of Plaintiff's claims are properly pleaded. Plaintiff alleges that Orange County has a custom or practice of requiring religiously observant inmates to remove religious head coverings for photographs, in violation of the First Amendment and RLUIPA. Am. Compl. ¶¶ 70-77, ECF No. 39 at 1-2. The dozens of alleged incidents far exceed the minimum threshold for *Monell* claims to survive a motion to dismiss in this Circuit, where this Court and others have sustained *Monell* claims involving allegations of "only a few examples of similar conduct." *DiPippo v. Cnty. of Putnam*, No. 17 Civ. 7948 (NSR), 2019 WL 1004152, at *10 (S.D.N.Y. Feb. 28, 2019) (collecting cases). As to the retaliation claims against Defendants Narcise and Lattimer, Plaintiff has sufficiently alleged that her complaint was verbally disclosed to those Defendants, who joined Defendant Gessner in a targeted raid of her cell "immediately" thereafter. ECF No. 39 at 2-3. These allegations are sufficient to allege a causal connection between the protected activity and adverse action. *Mazyck v. Keller*, 531 F. Supp. 3d 630, 646 (W.D.N.Y. 2021). As to the PLRA, Defendants have not demonstrated that on the face of her Amended Complaint, Plaintiff failed to exhaust her administrative remedies with respect to March and April 2025 incidents. The "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Significant fact questions preclude dismissal of any claims under the PLRA.

### c. A Stay Would Severely Prejudice Plaintiff

Plaintiff would be significantly prejudiced by a stay of discovery because it would delay her ability to effectively litigate her claims. *See, e.g.*, *Califano v. Roman Cath. Diocese of Rockville Ctr., New York*, No. 24 Civ. 04346, 751 F.Supp.3d 42, 55 (E.D.N.Y. Sept. 24, 2024) (denying motion to stay and finding prejudice existed because "discovery is necessary to proceed with this case").

Plaintiff will also be prejudiced by the unavailability of material witnesses caused by the passage of time. *See Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022) (finding prejudice where, "[a]s more time passes, the higher the risk that witnesses will become unavailable"); *Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21 Civ. 6165, 2022 WL 44772, at *1 (S.D.N.Y. Jan. 4, 2022) (same). Several material witnesses Plaintiff named in her initial disclosures are temporarily incarcerated at Orange County Jail and may soon be transferred to other facilities upstate or out of state, raising a substantial risk that witnesses will move beyond the reach of subpoena power. Fed. R. Civ. P. Rule 45(c)(1)(A).

Even if the Court were to find that Plaintiff would not be prejudiced by a delay of discovery, "lack of prejudice alone does not merit a stay." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025). Because Defendants have not carried their burden to demonstrate good cause, their stay application should be denied.

### III.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for a stay, order Defendants to respond to Plaintiff's discovery requests, and schedule a Rule 16 conference. We thank the Court for its attention to this matter.

Sincerely,

Alyssa Isidoridy
Alanna Kaufman
KAUFMAN LIEB LEBOWITZ & FICK LLP

Lamya Agarwala
Burhan Carroll
COUNCIL ON AMERICAN ISLAMIC RELATIONS-
    NEW YORK

*Attorneys for Plaintiff*