USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/2025

## MEMORANDUM ENDORSEMENT

Green v. Orange County, et al

7:25-cv-03278 (NSR)

The Court is in receipt of Defendants Orange County, Sgt. Mullins, and Officers Narcise and Lattimer's (the "County Defendants") letter dated July 21, 2025 requesting a pre-motion conference related to an anticipated motion to stay discovery (ECF No. 44) (attached hereto). The Court is also in receipt of Plaintiff's letter dated July 24, 2025 in response (ECF No. 46) (attached hereto).

The Court waives the pre-motion conference and sets the following briefing schedule:

(1) The County Defendants' moving papers are to be served (not filed) on August 27, 2025;
(2) Plaintiff's opposition papers are to be served (not filed) on September 26, 2025; and
(3) The County Defendants' reply papers are to be served on October 13, 2025.

All motion papers are to be filed on the reply date, October 13, 2025. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served per this Court's local emergency civil rules.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 44.

Dated: July 28, 2025
    White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge



# ORANGE COUNTY DEPARTMENT OF LAW

### RICHARD B. GOLDEN
#### COUNTY ATTORNEY

**Steven M. Neuhaus**
**County Executive**

**Carol C. Pierce**
*Deputy County Attorney*

<u>**Municipal Law Division**</u>

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Joseph F. Mahoney   Donna M. Badura
Williams S. Badura   Lia E. Fierro
Marina V. O'Neill   Lisa M. James
Stephanie T. Midler   Lisa M. Morgillo
Cedric A. Cooper   Dante D. De Leo

<u>**Family Law Division**</u>

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
Peter R. Schwarz   David S. Meffert
Linda P. DaSilva   Stephanie Bazile
Ferol L. Reed-McDermott   Michael Rabiet
Karen A. Amundson   Tammy A. Delile
Eve I. Lincoln   Rebecca McGee
Stephen Toole

July 21, 2025

Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

      Re:    Green (v) Orange County, et al.
            Case No.: 25-cv-3278 (NSR)

Dear Judge Román:

      This office represents defendants Orange County, Lt. Gessner, Sgt. Mullins and Officers Conca, Palmer, Sedita, Narcise and Lattimer (collectively the "County Defendants") in the above referenced matter. Pursuant to Section 3.A.ii of the Court's Individual Rules of Practice in Civil Cases, we write to request a pre-motion conference for purposes of obtaining the Court's permission to file a motion to stay discovery pending the Court's adjudication of the County Defendants' partial motion to dismiss. Alternatively, the County Defendants request that the Court grant a discovery stay without a pre-motion conference.

      Plaintiff alleges violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. She also asserts claims for municipal liability as against the County of Orange pursuant to Section 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). By letter dated May 21, 2025, the County Defendants sought permission from the Court to file a partial motion to dismiss. (ECF Docket # 31). The following day, the Court issued an Order directing plaintiff to respond to the County Defendants' letter by May 27, 2025. (ECF Docket # 32). Rather than respond, plaintiff's counsel contacted me to obtain my consent to

plaintiff's request to file an amended complaint. I agreed and the Court granted plaintiff permission to file an amended complaint by June 6, 2025. (ECF Docket # 34).

By letter dated June 23, 2025, the County Defendants again sought the Court's permission to file a partial motion to dismiss as well as an extension of time to answer on behalf of the non-moving defendants should the Court grant the County's request to file a motion. (ECF Docket # 37). Plaintiff's counsel opposed the request and asked the court to schedule a Rule 16 conference so that discovery could proceed. (ECF Docket # 39). By Order dated June 30, 2025, the Court issued a briefing schedule for the County Defendants' proposed partial motion to dismiss. Pursuant to the Order, the motion will not be fully briefed until September 15, 2025. The Court did not schedule a Rule 16 conference.

By letter dated July 2, 2025, the County Defendants sought clarification of the Court's prior Order as it did not address the County Defendants' request that the time for the non-moving defendants to answer be extended until fourteen days after the Court issued an order on their partial motion to dismiss. (ECF Docket # 41). Alternatively, the County Defendants sought an additional thirty days to answer on behalf of the non-moving defendants. Plaintiff's counsel opposed the request for such an extension as well and again asked that the Court schedule a Rule 16 conference for purposes of scheduling discovery. (ECF Docket #42). By Order dated July 7, 2025, the Court issued an Order indicating that the non-moving parties would have an additional fourteen days from the date of the Court's decision on the motion to dismiss to answer. Again, the Court did not schedule a Rule 16 conference.

On July 10, 2025, counsel for the parties participated in a Rule 26(f) conference. Prior to the conference, counsel for plaintiff provided the undersigned with the attached proposed scheduling order. (*See* Exhibit "A" hereto). Pursuant to the proposed scheduling order, all discovery in the case would be completed by April 3, 2026. I advised plaintiff's counsel that I did not agree to the proposed order as it would, likely, require the County Defendants to complete discovery before receiving a decision on the motion and prior to filing an answer. Alternatively, I proposed that the parties engage in limited paper discovery relative to plaintiff's multiple incarcerations at the Orange County Correctional Facility ("OCCF").[1] Counsel for plaintiff advised that she would confer with her colleagues concerning my proposal and get back to me. When I followed up with her a week later, she advised that she did not agree to the limited discovery I had proposed and provided me with both her Rule 26(a) disclosures and a set of document demands and interrogatories, copies of which are attached. (*See* Exhibit "B" hereto).

It is well-settled that district courts have the power to stay proceedings. *See Landis v. Noth American Co.*, 299 U.S. 248, 254 (1936) (indicating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants."). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of New York*, 2012 WL 947498, at * 1 (E.D.N.Y. March 20, 2021). In determining whether a stay is warranted, "[c]ourts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the

---

[1] Per plaintiff's First Amended Complaint, she has been booked at the OCCF "for an estimated total of over 30 times." (ECF Docket #36, ¶76).

motion." *Camara v. Alltran Fin. LP,* 2021 WL 8531660, at *1 (S.D.N.Y. Sept. 22, 2021) (cleaned up).

Here, the scope of discovery is broad as plaintiff is seeking documents to support her claims for municipal liability pursuant to Section 1983 and RLUIPA. Indeed, plaintiff seeks copies of policies in multiple document requests. Many of these requests will become irrelevant if the motion to dismiss is granted as against the County of Orange. Indeed, courts frequently stay discovery as to *Monell* claims until such time as individual liability can be established because such discovery is considered vast, costly and time-consuming. *See generally Oliver v. City of New York,* 540 F.Supp.3d 434, 437 (S.D.N.Y. 21021); *Dixon v. City of Buffalo,* 2022 WL 22834228, at * 5 (W.D.N.Y. March 8, 2022). Moreover, as indicated above, plaintiff has been detained at the OCCF over thirty times.

Plaintiff also seeks copies of "[a]ll documents concerning any prior complaint by any person alleging that any of the Participating Officers deprived a person of his or her constitutional rights, acted dishonestly, or made statements or took actions that were offensive, insensitive, or biased toward any particular religious, social, racial or ethnic group." (Demand No. 18). However, complaints against individual officers are not necessarily maintained in their personnel files. For example, grievances against officers are maintained in the file of the inmate that filed the grievance. Thus, responding to this request would be particularly onerous and unnecessary as to officers who may be dismissed from the action in connection with the County Defendants' partial motion to dismiss.

Separately, plaintiff cannot establish that her claims for damages are time sensitive particularly considering that she is currently incarcerated in a NYSDOCCS facility serving a 3 ½ year sentence. Plainly, the mere passage of reasonable time "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG,* 2018 WL 1989585, at * 9 (S.D.N.Y. April 26, 2019).

Finally, even though the County Defendants' partial motion to dismiss will not dispose of the case in its entirety, the motion will, if successful, substantially narrow the issues remaining in the case and therefore narrow the scope of discovery. Thus, proceeding with discovery, while the motion is pending, will result in a waste of the parties' resources, as well as judicial resources, and place an undue burden on defendants. *See generally Rivera v. Heyman* 1997 WL 86394, at * 1 (S.D.N.Y. Feb. 27, 1997).

Based on the foregoing, the County Defendants respectfully request that the Court schedule a pe-motion conference and permit them to file a motion to stay all discovery in this action. However, should the Court agree, based on the analysis above, that a stay is justified, the County Defendants respectfully request that the Court enter a stay without a formal motion.

Respectfully submitted,

*Kellie E. L*

KELLIE E. LAGITCH
Chief Assistant County Attorney

cc:     All counsel (via ECF)

# Exhibit
# A

UNITED STATES DISTRICT COURT                           Rev. Jan. 2012
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TAMMI GREEN

                                                    **CIVIL CASE DISCOVERY PLAN**
                              Plaintiff(s),          **AND SCHEDULING ORDER**

            - against -

ORANGE COUNTY, et al.,

                              Defendant(s).     ___25___ CV ___3278_____ (NSR)


-------------------------------------------------------------x

      This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.     All parties [consent] [do not consent] to conducting all further proceedings before a
Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The
parties are free to withhold consent without adverse substantive consequences.(If
all parties consent, the remaining paragraphs of this form need not be completed.)

2.     This case (is) [is not] to be tried to a jury.

3.     Joinder of additional parties must be accomplished by
n/a_____.

4.     Amended pleadings may be filed until ___n/a_____.

5.     Interrogatories shall be served no later than __8/15/2025_____, and responses
thereto shall be served within thirty (30) days thereafter.  The provisions of Local
Civil Rule 33.3 [shall] [shall not] apply to this case.

6.     First request for production of documents, if any, shall be served no later than
__8/15/2025_____.

7.     Non-expert depositions shall be completed by _12/15/2025_____.

    a.    Unless counsel agree otherwise or the Court so orders, depositions shall not
be held until all parties have responded to any first requests for production
of documents.

    b.    Depositions shall proceed concurrently.

    c.    Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than  12/15/2025              .

9.  Requests to Admit, if any, shall be served no later than 1/9/2025              .

10. Expert reports shall be served no later than  2/6/2026              .

11. Rebuttal expert reports shall be served no later than  3/6/2026              .

12. Expert depositions shall be completed by  4/3/2026              .

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY**   4/3/2026              .

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. Andrew E. Krause              .

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for                          , at                . (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York
       _____

                                        _____
                                        Nelson S. Román, U.S. District Judge

# Exhibit
# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMI GREEN,<br><br>               Plaintiff,<br><br>  -against-<br><br>ORANGE COUNTY, JOSHUA CONCA, GREG PALMER, BRIAN SEDITA, ANGELO NARCISE, MICHAEL LATTIMER, NICHOLAS GESSNER, DANIEL MULLINS, JOHN DOES #1-8, in their individual capacities,<br><br>               Defendants. | No. 25 Civ. 3278 |

## **PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES TO DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Tammi Green requests that Defendants Orange County, Joshua Conca, Greg Palmer, Brian Sedita, Angelo Narcise, Michael Lattimer, Nicholas Gessner, and Daniel Mullins answer the following Requests for Production of Documents and Interrogatories (collectively, the "Requests") within 30 days and produce for copying and inspection at the office of Kaufman Lieb Lebowitz & Frick LLP, 18 E. 48th Street, Suite 802, New York, New York 10017 all documents and materials described herein.

1

## DEFINITIONS

Plaintiff Tammi Green hereby incorporates the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

1.    Defendants: The term "Defendants" means Defendants Orange County, Joshua Conca, Greg Palmer, Brian Sedita, Angelo Narcise, Michael Lattimer, Nicholas Gessner, and Daniel Mullins, and John Does #1-8.

2.    Participating Officers: The term "Participating Officers" means Defendants Joshua Conca, Greg Palmer, Brian Sedita, Angelo Narcise, Michael Lattimer, Nicholas Gessner, and Daniel Mullins, and John Does #1-8.

3.    You:  The term "you" means the responding Defendant(s) or anyone acting on their behalf, including attorneys.

4.    Plaintiff: The term "Plaintiff" means Tammi Green.

5.    Complaint: The term "Complaint" refers to Plaintiff's Amended Complaint in this case, No. 1:24 Civ. 3278 (S.D.N.Y.), ECF No. 35 ("Compl.").

6.    Identification Photographs: The term "Identification Photographs" refers to the photographs taken of Plaintiff for her jail identification card on February 2 or 3, 2024. *See* Compl. ¶¶ 51-55.

7.    Booking Photographs: The term "Booking Photographs" refers to the booking photographs taken of Plaintiff at the Orange County Sheriff's Office on February 2, 2024. *See id.* ¶¶ 42-46.

8.    The February Incident: The term "February Incident" refers to events and circumstances involving Plaintiff that occurred at the Orange County Sheriff's Office on February 2-3 2024 that are the subject of this lawsuit, including without limitation the

2

taking of the Booking Photographs and Identification Photographs and the confiscation of Plaintiff's hijab. *See id.* ¶¶ 41-55.

9.    The August Incident: The term "August Incident" refers to the events and circumstances involving Plaintiff that occurred in the Orange County Jail on or around August 20, 2024 that are the subject of this lawsuit, including without limitation the verbal complaint made by Plaintiff, the subsequent cell sweep, and the confiscation of Plaintiff's hijab and prayer beads. *See id.* ¶¶ 83-109.

10.    The January Incident: The term "January Incident" refers to the events and circumstances involving Plaintiff that occurred at the Orange County Jail on or around January 2025 that are the subject of this lawsuit, including without limitation the desecration of Plaintiff's Quran, the confiscation of her prayer beads, and the destruction of her religious notes. *See id.* ¶¶ 110-22.

11.    The Food Incidents: The term "Food Incidents" refers to the events and circumstances involving Plaintiff that occurred at the Orange County Jail on or around January-March 2025 that are the subject of this lawsuit, including without limitation the failure to deliver Plaintiff meals that meet her halal diet. *See id.* ¶¶ 123-151.

12.    The April Incident: The term "April Incident" refers to the events and circumstances involving Plaintiff that occurred at the Orange County Jail on or around April 2025 that are the subject of this lawsuit, including without limitation her cell search and the desecration and confiscation of her hijab. *See id.* ¶¶ 153-58.

13.    The Incidents: The term "the Incidents" refers to the February Incident, the August Incident, the January Incident, the Food Incidents, and the April Incident.

14.    Policy: The term "Policy" means any formal or informal rule, regulation, policy, or procedure governing employees of Defendant Orange County, whether

3

promulgated in writing (by policy, order, directive, bulletin, or other communication) or orally.

## INSTRUCTIONS

1.    In answering the following Requests, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives or other agents.

2.    If, in answering the following interrogatories, you are unable to answer fully, after exercising due diligence to obtain the information to do so, you shall answer said interrogatory to the fullest extent possible, specifying your inability to answer the remainder, describing the efforts taken by you to obtain the information to fully answer said interrogatory, and stating whatever information or knowledge you have concerning the unanswered portion thereof.

3.    If, in answering the following interrogatories, you state in whole or in part that "I do not know" or "unknown" or otherwise indicate any similar lack of knowledge, you shall state in detail all efforts made to obtain the information requested, the nature of any continuing efforts in that regard, and by whom any such efforts were and are being made.

4.    If any document responsive to the Requests has been lost or destroyed or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the

circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such document.

5.      If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

> a.      whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;
>
> b.      whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;
>
> c.      any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;
>
> d.      the nature of the privilege (including work product) that is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;
>
> e.      the type of document, e.g. letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

6.      If, in answering these Requests, you claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, rather you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

7.    You shall respond separately and completely to each Request, setting forth the question in full followed by each answer.

8.    With respect to the documents requested, these Requests seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

9.    Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

10.    The documents produced in response to these Requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including but not limited to the following:

        a.    that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

        b.    that all pages now stapled or fastened together be produced stapled or fastened together; and

        c.    that all documents which cannot legibly be copied be produced in their original form.

11.    These Requests are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these requests.  Such supplementary responses are to be served upon counsel for Plaintiff within thirty days after receipt of such information or documents.

12.    The use of the singular form of any words includes the plural and vice versa.

13.     The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party includes the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This instruction is not intended to impose a discovery obligation on any person who is not a party to the litigation.

14.     Plaintiff requests that all documents be produced in their native format and/or as TIFs and include electronically stored information. You may not convert the data to a form that is more burdensome and/or less searchable. If you convert data to TIFs from native format, you must retain all metadata—including but not limited to the OCR database, document demarcations, the date of the documents, the author of the documents, the recipients of the documents, the type of documents, etc.—in a usable load file (Relativity preferred).

15.     Unless otherwise indicated, these Requests seek documents and information from February 2, 2024, to the present.

## REQUESTS FOR PRODUCTION

1.     All documents, including communications, identified in response to the Interrogatories below.

2.     All documents and communications concerning the Incidents.

3.     All emails and correspondence concerning the Incidents and/or Plaintiff.

4.     All Identification and Booking Photographs of Plaintiff.

5.     All previous identification and booking photographs of Plaintiff in your possession, including without limitation those taken from 2003 to the present.

6.     All documents generated regarding Plaintiff's arrest and/or detention on or around February 2, 2024, including without limitation arrest and activity reports,

7

property receipts, memo and logbook entries, material prepared by, at the request of, or containing statements of any of the Participating Officers. For avoidance of doubt, this request includes documents generated by the Wallkill and Middletown Police Departments that are within your possession, custody and control.

7.      All communications and notes reflecting any communications with Ms. Green's father concerning the transfer of her hijab to Orange County Jail in February 2024.

8.      All documents, communications, and audio and video footage relating to Plaintiff's detention at the Orange County Sheriff's Office on or around February 2, 2024, including without limitation video and audio files portraying or representing Plaintiff and/or any of the Participating Officers.

9.      All versions of any Policy concerning taking, storing, or accessing Booking and/or Identification Photographs, including without limitation policies concerning the wearing of head or hair coverings during the taking of such photographs, operative from 2020 through to present.

10.     All versions of any Policy concerning providing religious accommodations during the course of taking, storing, or accessing Booking and/or Identification Photographs of arrestees operative from 2020 through to present.

11.     All versions of any Policy concerning providing religious accommodations, including without limitation accommodations for religious items and nutrition, for persons detained at the Orange County Sheriff's Office or Orange County Jail from 2020 through to present.

12.     All versions of any Policy concerning an officer's obligation to intervene to prevent unlawful or unconstitutional acts by fellow officers operative from 2020 through to present.

13.     All versions of any Policy concerning the disciplinary or remedial actions that may be taken with respect to any employee in response to allegations or complaints they violated a policy responsive to Document Requests 9-12.

14.     Documents sufficient to show the nature and substance of any training that any of the Participating Officers received from 2020 through to present concerning:

   a.   preventing and/or intervening to prevent constitutional violations by fellow officers;

   b.   taking, storing, or accessing Booking and/or Identification Photographs of arrestees;

   c.   providing religious accommodations during the course of taking, storing, or accessing Booking and/or Identification photographs of arrestees; and/or

   d.   providing religious accommodations for detained persons.

15.     Documents sufficient to show how Identification and/or Booking Photographs are stored and accessed by Orange County employees.

16.     All documents and communications concerning any investigation or inquiry arising from the Incidents and/or Plaintiff's lawsuit. This request includes, without limitation:

   a.   Reports of interviews;

   b.   Notes of interviews;

   c.   Recordings of interviews;

9

d.    Findings and adjudications;

e.    Communications, including emails, between and among internal investigators and/or departmental officials regarding any investigation;

f.    Communications, including emails, with union officials, representatives, or attorneys regarding any investigation;

g.    Records of any discipline threatened or imposed on any of the Participating Officers.

17.    All documents concerning past disciplinary action taken against any of the Participating Officers, including without limitation letters in the personnel file, charges and specifications, audits, fines, suspensions, losses of vacation days, warnings and/or formal admonishments.

18.    All documents concerning any prior complaint by any person alleging that any of the Participating Officers deprived a person of his or her constitutional rights, acted dishonestly, or made statements or took actions that were offensive, insensitive, or biased toward any particular religious, social, racial, or ethnic group.

19.    All claims, notices of claim, or lawsuits served upon Orange County alleging that any of the Participating Officers deprived a person of his or her constitutional rights, acted dishonestly, or made statements or took actions that were offensive, insensitive, or biased toward any particular religious, social, racial, or ethnic group.

20.    All communications between or among the Participating Officers concerning Plaintiff and/or the Incidents, including without limitation emails and text messages.

21.　All non-privileged communications concerning Plaintiff and/or the Incidents between the Participating Officers and third parties, including without limitation emails and text messages.

22.　All documents received by you in response to any release or authorization provided by Plaintiff.

23.　All documents that substantiate or support, in whole or in part, any defense that you have interposed in this action.

24.　All documents you may use to support any of your affirmative defenses.

25.　All documents that you intend to introduce and/or rely on at trial.

## INTERROGATORIES

1.　Identify all Orange County employees who communicated with any member of the Middletown or Wallkill Police Departments with respect to the transfer of Plaintiff's person or possessions to the Orange County Sheriff's Office and/or Orange County Jail on February 2, 2024.

2.　Identify all Orange County members of service who were physically present at the Orange County Sheriff's Office during the February Incidents.

3.　Identify all Orange County employees who were present when the Booking Photographs were taken.

4.　Identify all Orange County employees who were present when the Identification Photographs were taken.

5.　Identify all Orange County employees who were present during or have knowledge of the August Incident.

6.　Identify all Orange County employees who were present during or have knowledge of the January Incident.

7.   Identify all Orange County employees who were present during or have knowledge of the Food Incidents.

8.   Identify all Orange County employees who were present during or have knowledge of the April Incident.

9.   Identify every type of document generated or completed, or required to be generated or completed, pursuant to departmental policy as of 2024, when Orange County personnel take identification and/or booking photographs.

10.   Identify every type of document generated or completed, or required to be generated or completed, pursuant to departmental policy as of 2024, when a person objects to having their photograph taken, including without limitation when they object on religious grounds.

11.   Identify all prior allegations or complaints involving an accusation that any of the Participating Officers engaged committed an unlawful or unconstitutional act or failed to intervene to prevent an unlawful or unconstitutional act.

12.   Identify all previous notices of claim, claims, or lawsuits that have served upon the Orange County or its employees, from 2020 through the present, alleging that members of the NYPD improperly or unlawfully removed and/or requested a person remove his or her religious head covering to be photographed.

Dated:      July 17, 2025
            New York, New York

KAUFMAN LIEB LEBOWITZ
& FRICK LLP

/s/ Alyssa Isidoridy
Alanna Kaufman
Alyssa Isidoridy

18 E. 48th Street, Suite 802
New York, New York 10017
(212) 660-2332
akaufman@kllf-law.com
aisidoridy@kllf-law.com

COUNCIL ON AMERICAN ISLAMIC
RELATIONS – NEW YORK

_____
Lamya Agarwala
Burhan Carroll

80 Broad Street, 5th Floor
New York, NY 10009
(646) 665-7599
lagarwala@cair.com
bcarroll@cair.com

*Attorneys for Plaintiff*


TO:    Kellie Lagitch
       Orange County Department of Law
       255-275 Main Street
       Goshen, New York 10924
       (845) 291-3150
       klagitch@orangecountygov.com

       *Attorney for Defendants*

**Kaufman**
**Lieb**
**Lebowitz &**
**Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

July 24, 2025

**By ECF**

Hon. Nelson S. Román
United States District Judge
300 Quarropas St.
White Plains, NY 10601-4150

    Re: *Green v. Orange County*, et al., No. 25 Civ. 3278 (NSR)

Your Honor,

    We represent Plaintiff Tammi Green. We write to oppose Defendants' pre-motion letter requesting a stay of discovery pending their anticipated partial motion to dismiss.[1] The Court should deny Defendants' request because this case will ultimately proceed to discovery, and the scope of discovery will not change based on the outcome of the motion.

## I.      Background

    Ms. Green is a practicing Muslim woman who suffered religious discrimination and retaliation by Orange County and its officers when they forced her to remove her hijab for booking and jail identification photos and targeted her with retaliatory cell sweeps involving the confiscation and destruction of her religious items. Am. Compl., ECF No. 36. Four of eight Defendants intend to file a partial motion to dismiss. ECF No. 37. Despite not requesting a stay of discovery in any previous filing, Defendants' counsel informed Plaintiff's counsel at their Rule 26(f) conference that she would not agree to a scheduling order and would refuse to participate in full discovery until the motion was decided. After Plaintiff served her initial disclosures and first set of discovery requests, Defendants filed the instant pre-motion conference letter. ECF No. 44 ("Def. Ltr.").

## II.      A Stay of Discovery is Not Warranted

    Discovery "should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024). Rather, a party seeking a stay "must establish good cause for the stay," as determined by "(1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Pullman v. Collins*, No. 24 Civ. 1383, 2025 WL 1004731, at *1 (S.D.N.Y. Apr. 3, 2025). Courts also "tend to consider whether the resolution of the pending motion to dismiss may dispose of the

---

[1] The anticipated partial motion seeks to dismiss only Plaintiff's municipal liability claims, the retaliation claims against Defendants Narcise and Lattimer, and those claims premised upon the denial of Plaintiff's religiously compliant meals and her April 1, 2025, cell search. Defendants do not seek dismissal of Plaintiff's free exercise and failure to intervene claims against the Individual Defendants or her retaliation claims against Defendants Gessner and John Does #5-8.

Alanna Kaufman*  •  Douglas E. Lieb‡  •  David A. Lebowitz  •  Alison Frick*

Alyssa Isidoridy  •  Kyla Magun  •  Ray Durham†

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut.  †Only admitted in Maryland

entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22 Civ. 377, 2022 WL 1639485, at \*2 (S.D.N.Y. May 24, 2022) (cleaned up).

### a. The Scope of Discovery Is Sufficiently Narrow

There is no good cause for a stay. To start, the scope of discovery is sufficiently narrow, and the partial motion to dismiss will not meaningfully narrow it further. Regardless of the outcome of that motion, Plaintiff will still be entitled to discovery into the circumstances around her free exercise, failure to intervene, and retaliation claims against the Individual Defendants. *Khan*, 757 F. Supp. 3d at 336; *see also id.* at 335 (collecting cases denying stays pending partial motions to dismiss). Accordingly, Defendants will still be required to produce discovery concerning Plaintiff's booking and identification photographs, the retaliatory cell sweeps in 2024 and 2025, and the confiscation and destruction of her religious property. Am. Compl. ¶¶ 42-122. That is exactly the discovery Plaintiff seeks now. Where, as here, the resolution of a partial motion to dismiss "will not meaningfully change the scope or burden of discovery," a stay of discovery is "less appropriate." *Bennett v. Cuomo*, No. 22 Civ. 7846, 2023 WL 2021560, at \*4 (S.D.N.Y. Feb. 15, 2023).

Defendants contend that Plaintiff's requests for policy documents "will become irrelevant if the motion to dismiss is granted against the County of Orange." Def. Ltr. at 3. But Plaintiff's requests—which seek documents concerning the County's policies related to the taking and storing booking and identification photographs, religious accommodations, and officers' obligations to intervene to prevent unconstitutional acts—are all relevant to Plaintiff's claims against the Individual Defendants and she will be entitled to discovery on them regardless of the outcome of the partial motion. *See, e.g., Stolarik v. City of New York*, No. 15 Civ. 5858, 2017 WL 4712423, at \*4 (S.D.N.Y. Sept. 7, 2017) (in First Amendment retaliation case, "Defendants' departure from usual practice provides evidentiary support for Plaintiff's claim that the reason for [defendants'] decision was retaliation") (collecting cases).

Defendants' argument against "onerous" and "unnecessary" discovery into prior complaints against "officers who may be dismissed from this action" is a red herring: <u>Even if the anticipated motion were granted in full, only one of seven individual defendants would be dismissed from this action.</u> Although Defendants challenge the retaliation claims against Defendants Narcise and Lattimer, ECF No. 37 at 3, Plaintiff's free exercise and failure to intervene claims against those Defendants remain unchallenged, Am. Compl. ¶¶ 148-68, along with all of her claims against Defendants Conca, Palmer, Sedita, and Gessner. Thus, in all events, Defendants will have to search for and produce grievance information relevant to the individual defendants regardless of the outcome of the motion.

In sum, Plaintiff seeks narrow discovery that she will be entitled to regardless of the outcome of Defendants' forthcoming motion. Indeed, Plaintiff sent just 25 document requests and 12 interrogatories to all eight Defendants—well "below the amount allowed under the rules." *Pullman*, 2025 WL 1004731, at \*1 (citing Fed. R. Civ. P. 33(a) (allowing up to 25 interrogatories per party)). There is no good cause for a stay based on the "breadth" of discovery.

### b. Defendants Have Not Met Their Burden of Proving the Strength of Their Anticipated Motion

Defendants have not proven the strength of their anticipated partial motion. As an initial matter, because there is "no pending motion that potentially disposes of this entire action," this factor weighs against Defendants. *CT Espresso LLC*, 2022 WL 1639485, at *2 (denying stay pending a partial motion to dismiss). Moreover, as the party seeking a stay, Defendants have failed to meet their burden to "present substantial arguments for dismissal" or make "a strong showing that the plaintiff's claim is unmeritorious." *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022) (citations omitted). Indeed, they make no argument regarding the strength of their partial motion at all. *See generally* Def. Ltr. at 3.

All of Plaintiff's claims are properly pleaded. Plaintiff alleges that Orange County has a custom or practice of requiring religiously observant inmates to remove religious head coverings for photographs, in violation of the First Amendment and RLUIPA. Am. Compl. ¶¶ 70-77, ECF No. 39 at 1-2. The dozens of alleged incidents far exceed the minimum threshold for *Monell* claims to survive a motion to dismiss in this Circuit, where this Court and others have sustained *Monell* claims involving allegations of "only a few examples of similar conduct." *DiPippo v. Cnty. of Putnam*, No. 17 Civ. 7948 (NSR), 2019 WL 1004152, at *10 (S.D.N.Y. Feb. 28, 2019) (collecting cases). As to the retaliation claims against Defendants Narcise and Lattimer, Plaintiff has sufficiently alleged that her complaint was verbally disclosed to those Defendants, who joined Defendant Gessner in a targeted raid of her cell "immediately" thereafter. ECF No. 39 at 2-3. These allegations are sufficient to allege a causal connection between the protected activity and adverse action. *Mazyck v. Keller*, 531 F. Supp. 3d 630, 646 (W.D.N.Y. 2021). As to the PLRA, Defendants have not demonstrated that on the face of her Amended Complaint, Plaintiff failed to exhaust her administrative remedies with respect to March and April 2025 incidents. The "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Significant fact questions preclude dismissal of any claims under the PLRA.

### c. A Stay Would Severely Prejudice Plaintiff

Plaintiff would be significantly prejudiced by a stay of discovery because it would delay her ability to effectively litigate her claims. *See, e.g.*, *Califano v. Roman Cath. Diocese of Rockville Ctr., New York*, No. 24 Civ. 04346, 751 F.Supp.3d 42, 55 (E.D.N.Y. Sept. 24, 2024) (denying motion to stay and finding prejudice existed because "discovery is necessary to proceed with this case").

Plaintiff will also be prejudiced by the unavailability of material witnesses caused by the passage of time. *See Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022) (finding prejudice where, "[a]s more time passes, the higher the risk that witnesses will become unavailable"); *Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21 Civ. 6165, 2022 WL 44772, at *1 (S.D.N.Y. Jan. 4, 2022) (same). Several material witnesses Plaintiff named in her initial disclosures are temporarily incarcerated at Orange County Jail and may soon be transferred to other facilities upstate or out of state, raising a substantial risk that witnesses will move beyond the reach of subpoena power. Fed. R. Civ. P. Rule 45(c)(1)(A).

Kaufman Lieb Lebowitz & Frick                                    July 24, 2025
Page 4 of 4

     Even if the Court were to find that Plaintiff would not be prejudiced by a delay of discovery, "lack of prejudice alone does not merit a stay." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025). Because Defendants have not carried their burden to demonstrate good cause, their stay application should be denied.

**III.    Conclusion**

     For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for a stay, order Defendants to respond to Plaintiff's discovery requests, and schedule a Rule 16 conference. We thank the Court for its attention to this matter.

     Sincerely,

Alyssa Isidoridy
Alanna Kaufman
KAUFMAN LIEB LEBOWITZ & FICK LLP

Lamya Agarwala
Burhan Carroll
COUNCIL ON AMERICAN ISLAMIC RELATIONS-
   NEW YORK

*Attorneys for Plaintiff*