UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TAMMI GREEN,

                Plaintiff,

        -against-

                                       Case No.: 25-cv-3278 (NSR)

ORANGE COUNTY, JOSHUA CONCA, GREG
PALMER, BRIAN SEDITA, ANGELO
NARCISE, MICHAEL LATTIMER,
NICHOLAS GESSNER, DANIEL MULLINS,
JOHN DOES #1-8, in their individual capacities,

                Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW
## SUBMITTED ON BEHALF OF
## THE COUNTY DEFENDANTS

Kellie E. Lagitch
Chief Assistant County Attorney
Richard B. Golden
County Attorney for Orange County
Attorney for the County Defendants
255-275 Main Street
Goshen, NY 10924
(845) 291-3150

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES     i

PRELIMINARY STATEMENT     1

STATEMENT OF FACTS AND PROCEDURAL HISTORY     1

ARGUMENT

    POINT I

        THE COUNTY DEFENDANTS ARE ENTITLED TO A STAY
        OF DISCOVERY PENDING THE DECISION ON THEIR
        PARTIAL MOTION TO DISMISS     1

        A. The Scope of Discovery is Broad     2

        B. A Stay of Discovery Will Not Prejudice Plaintiff     3

        C. The County Defendants Have Made a Strong Showing on the
           Merits of Their Partial Motion to Dismiss     5

CONCLUSION     6

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Alford v. City of New York*, No. CV 2011-0622 (ERK)(MDG), 2012 WL 947498 (E.D.N.Y. March 20, 2012) ........................................................................................................................... 1

*Dixon v. City of Buffalo,* (1:19-CV-1678 (WMS)(JJM)), 2022 WL 22834228 (W.D.N.Y. March 8, 2022)................................................................................................................................... 2

*In re AOL Time Warner, Inc. Securities and ERISA Litigation,* (No. MDL, NO. 1500, 02 Civ. 8853 (SWK)), 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003) ................................................... 4

*In re Currency Conversion Fee Antitrust Litigation*, No. MDL 1409, M21-95, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002) .......................................................................................................... 2

*In re Term Commodities Cotton Futures Litigation,* (No. 12 Civ. 5126 (ALC)(KNF)), 2013 WL 1907738 (S.D.N.Y. May 8, 2013) ............................................................................................... 5

*Landis v. Noth American Co.*, 299 U.S. 248 (1936) ....................................................................... 1

*Oliver v. City of New York*, 540 F.Supp.3d 434 (S.D.N.Y. 2021) .................................................. 2

*O'Sullivan v. Deutsche Bank AG,* (17 Civ. 8709 (LTS)(GWG)), 2018 WL 1989585 (S.D.N.Y. April 26, 2018) ......................................................................................................................... 4

*Republic of Turkey v. Christie's Inc.*, 316 F.Supp.3d 675 (S.D.N.Y. 2018) .................................. 2

*Rivera v. Heyman,* (No. 96 Civ. 4489 (PKL)), 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) .......... 3

Federal Rules

Rule 26(a) of the Federal Rules of Civil Procedure........................................................................ 4

Rule 26(c) of the Federal Rules of Civil Procedure........................................................................ 1

## PRELIMINARY STATEMENT

Defendants Orange County (the "County"), Lt. Gessner[1], Sgt. Mullins and Officers Conca,

Palmer, Sedita, Narcise and Lattimer (collectively the County Defendants") move for an Order

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure staying discovery in this matter

pending the outcome of the County Defendants' partial motion to dismiss served on July 30, 2025.[2]

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The County Defendants respectfully refer the Court to the accompanying Declaration of

Kellie E. Lagitch dated August 27, 2025 ("Lagitch Dec.") for a complete recitation of the facts

relevant to the instant motion, which are incorporated by reference as if fully set forth herein.

## ARGUMENT

## POINT I

## THE COUNTY DEFENDANTS ARE ENTITLED TO A STAY OF DISCOVERY PENDING THE DECISION ON THEIR PARTIAL MOTION TO DISMISS

It is well-settled that district courts have the power to stay proceedings. *See Landis v. Noth*

*American Co.*, 299 U.S. 248, 254 (1936) (indicating that "the power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes of its own

docket with economy of time and effort for itself, for counsel, and for litigants."). "[A] court

determining whether to grant a stay of discovery pending a motion must look to the particular

circumstances and posture of each case." *Alford v. City of New York*, 2012 WL 947498, at * 1

(E.D.N.Y. March 20, 2012). In determining whether a stay is warranted, "[c]ourts should consider

multiple factors, including the breadth of discovery sought, the burden of responding to it, the

---

[1] At the time of the events in question, Gessner was a Sergeant, not a Lieutenant.
[2] The County Defendants recognize that this motion may be moot given the Court's Order dated July 31, 2025 clarifying "that discovery shall be stayed pending the resolution of Defendants' anticipated partial motion to dismiss." (ECF Docket No. 49). However, they are filing this motion in an abundance of caution in order to comply with the Court's Order dated July 28, 2025 setting forth a briefing schedule for the instant motion which the Court did not officially rescind.

prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the stay." *Republic of Turkey v. Christie's Inc.,* 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018). "A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds, or, stated another way, do[es] not appear to be without foundation in law." *In re Currency Conversion Fee Antitrust Litigation,* 2002 WL 88278, at * 1 (S.D.N.Y. Jan. 22, 2002) (internal quotations omitted).

## A. **The Scope of Discovery is Broad**

Here, the scope of discovery is broad as plaintiff is seeking documents to support her claims for municipal liability pursuant to Section 1983 and RLUIPA. Indeed, plaintiff seeks copies of policies in multiple document requests as well as documents concerning officer training . (*See* Exh. B). Many of these requests will become irrelevant if the motion to dismiss is granted as against the County of Orange. Indeed, courts frequently stay discovery as to *Monell* claims until such time as individual liability can be established because such discovery is considered vast, costly and time-consuming. *See generally Oliver v. City of New York*, 540 F.Supp.3d 434, 437 (S.D.N.Y. 2021); *Dixon v. City of Buffalo,* (1:19-CV-1678 (WMS)(JJM)), 2022 WL 22834228, at * 5 (W.D.N.Y. March 8, 2022). Moreover, as indicated above, plaintiff has been detained at the OCCF over thirty times and counsel is seeking documents for each of those incarcerations.

Moreover, the burden of responding to plaintiff's request is significant. For example, plaintiff seeks copies of "[a]ll documents concerning any prior complaint by any person alleging that any of the Participating Officers deprived a person of his or her constitutional rights, acted dishonestly, or made statements or took actions that were offensive, insensitive, or biased toward any particular religious, social, racial or ethnic group." (Demand No. 18). However, complaints against individual officers are not necessarily maintained in their personnel files. For example,

2

grievances against officers are maintained in the file of the inmate that filed the grievance. As detailed in the County Defendants' motion for partial dismissal, the average number of inmates held at OCCF daily in 2024 was 332. (*See* Exh. B to the County Defendants' Partial Motion to Dismiss, Division of Criminal Justice Services report concerning the average daily jail population in New York State County Jails). Moreover, plaintiff provides no time frame for this request. Thus, responding to this request would be particularly onerous and ultimately unnecessary as to officers who may be dismissed from the action in connection with the County Defendants' partial motion to dismiss.

Separately, plaintiff seeks documents that support the County Defendants' defenses and affirmative defenses in this action. (*See* Lagitch Dec., Exh. B, Demand Nos. 23 and 24). However, given that the County Defendants' time to answer the FAC has been extended until fourteen days after the Court issues a decision on their partial motion to dismiss, said defenses and affirmative defenses have not yet been fully identified. (ECF Docket No. 43).

Finally, even though the County Defendants' partial motion to dismiss will not dispose of the case in its entirety, the motion will, if successful, substantially narrow the issues remaining in the case and therefore narrow the scope of discovery. Thus, proceeding with discovery, while the motion is pending, will result in a waste of the parties' resources, as well as judicial resources, and place an undue burden on defendants. *See generally Rivera v. Heyman*, (No. 96 Civ. 4489 (PKL)), 1997 WL 86394, at * 1 (S.D.N.Y. Feb. 27, 1997). To this end we note that, despite plaintiff's repeated requests, the Court has declined to schedule a Rule 16 conference in this action.

## B. A Stay of Discovery Will Not Prejudice Plaintiff

In her response to the County Defendants' pre-motion conference letter seeking permission to make the instant motion, plaintiff's counsel argues that plaintiff will be significantly prejudiced

by a stay of discovery because it will delay her ability to effectively litigate her claims. (ECF Doc. No. 46). Notably, however, plaintiff has not and cannot establish that her claims for damages are in any way time sensitive thereby undermining her claims of prejudice. *See In re AOL Time Warner, Inc. Securities and ERISA Litigation*, (No. MDL NO. 1500, 02 Civ. 8853 (SWK)), 2003 WL 22227945, at * 2 (S.D.N.Y. Sept. 26, 2003) (finding that no prejudice results from "a temporary and finite delay in attaining discovery where there are no time-sensitive claims at issue."). Indeed, plaintiff is currently incarcerated in a NYSDOCCS facility serving a 3 ½ year sentence. Plainly, the mere passage of reasonable time "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, (17 Civ. 8709 (LTS)(GWG)), 2018 WL 1989585, at * 9 (S.D.N.Y. April 26, 2018). Frankly, if the mere passage of time were sufficient grounds to deny a motion for a stay, no circumstances would ever justify a stay.

Separately, plaintiff also asserts in her response to the County Defendants' pre-motion letter seeking a stay, that she will be prejudiced by the unavailability of material witnesses caused by the passage of time. In particular, she asserts that "several" material witnesses identified in her Rule 26(a) disclosure are temporarily incarcerated at Orange County Jail but could be moved at any time. (ECF Docket No. 46).

First, plaintiff's Rule 26(a) disclosure only identifies two witnesses of ten who are currently being held at the Orange County Jail – Janyia Conklin and Anissa Stubbs. (*See* Lagitch Dec., Exh. B). Second, her Rule 26(a) disclosure gives no indication as to why the testimony to be provided by these witnesses is in any way material. In fact, she provides no specifics as to the subject matter to which they will testify asserting only that they have "information about the facts and

4

circumstances giving rise to this action and Plaintiff's damages."[3] (*See* Lagitch Dec., Exh. A). Notably, neither individual is referenced in her FAC. Regardless, the potential unavailability of witnesses is a factor common to all litigations as witnesses can become unavailable for any number of reasons. In any event, there is nothing precluding plaintiff from contacting these witnesses to secure their cooperation in the future and thus the possibility that they may be unavailable is not sufficiently prejudicial to warrant the denial of the County Defendants' motion for a stay of discovery. *See generally In re Term Commodities Cotton Futures Litigation*, (No. 12 Civ. 5126 (ALC)(KNF)), 2013 WL 1907738, at * 7 (S.D.N.Y. May 8, 2013) (granting stay of discovery upon finding that "plaintiffs' assertions that . . . witnesses' memories fade with the passage of time and . . . relevant documents [could] [potentially] be destroyed by non-parties, are usual litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery" and thus plaintiffs "failed to demonstrate that a short delay in discovery [would] impose any unfair prejudice on them.").

## C. The County Defendants Have Made a Strong Showing on the Merits of Their Partial Motion to Dismiss

As amply detailed in the County Defendants' motion to dismiss, served on July 30, 2025, substantial grounds exist for dismissing plaintiff's claims for municipal liability against the County because she has not sufficiently alleged that a municipal policy, custom or practice implicated her religious exercise. Indeed, while plaintiff alleges that the County has a policy of prohibiting individuals from wearing religious head coverings for booking photos, she likewise acknowledges that she was allowed to retake her booking photograph wearing her hijab after she grieved the issue months after entering the facility, thereby undermining her claim that the County has such a policy. Likewise, her retaliation claims against defendants Narcise, Lattimer and Gesser are insufficiently

---

[3] Plaintiff makes the very same representation as to eight of her ten witnesses.

plead as she has failed to set forth the requisite causal connection, her claims against defendant

Mullins fail in their entirety and certain of her claims concerning religious meals and retaliatory

cell searches are subject to dismissal pursuant to the Prison Litigation Reform Act ("PLRA").[4]

Thus, if the Court grants the County Defendants' motion for partial dismissal, the scope of

discovery in this matter will be significantly narrowed.

## CONCLUSION

For all the foregoing reasons, the County Defendants respectfully request that the Court

grant their motion for a stay of discovery in its entirety pending the decision on their partial motion

to dismiss and grant them such other and further relief as this Court deems just and proper.

Dated: August 27, 2025
        Goshen, New York

                                        Respectfully submitted,

                                        KELLIE E. LAGITCH
                                        Chief Assistant County Attorney
                                        RICHARD B. GOLDEN
                                        County Attorney for Orange County
                                        Attorneys for the County Defendants
                                        Orange County Government Center
                                        255-275 Main Street
                                        Goshen, New York 10924
                                        (845) 291-3150

---

[4] The County Defendants will not reiterate their arguments in support of dismissal herein in their entirety but respectfully refer the Court to their partial motion to dismiss for a full recitation of their arguments in support of partial dismissal which are well founded in the law. A copy of the motion was emailed to the Court on July 30, 2025. Two courtesy copies of the motion were also mailed to the Court the same day.