UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMI GREEN,<br><br>                      Plaintiff,<br><br>   -against-<br><br>ORANGE COUNTY, JOSHUA CONCA, GREG PALMER, BRIAN SEDITA, ANGELO NARCISE, MICHAEL LATTIMER, NICHOLAS GESSNER, DANIEL MULLINS, JOHN DOES #1-8, in their individual capacities,<br><br>                      Defendants. | No. 25 Civ. 3278 (NSR) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

Kaufman Lieb Lebowitz & Frick LLP
18 E. 48th Street, Suite 802
New York, New York 10017
(212) 660-2332

Council on American Islamic Relations – New York
80 Broad Street, 5th Floor
New York, NY 10009
(646) 665-7599

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii

**INTRODUCTION** ..................................................................................................................1

**BACKGROUND** ....................................................................................................................1

**ARGUMENT** ..........................................................................................................................2

    I.     A Stay of Discovery Is Not Warranted ........................................................................2

        A.     The Pending Partial Motion to Dismiss Is Not Dispositive ...................................2

        B.     The Scope of Discovery is Sufficiently Narrow.........................................................3

        C.     A Stay Would Severely Prejudice Ms. Green ...........................................................5

        D.     County Defendants Have Not Met Their Burden of Proving the Strength of Their Anticipated Motion .........................................................................................................6

**CONCLUSION** ......................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Bennett v. Cuomo*, No. 22 Civ. 7846, 2023 WL 2021560 (S.D.N.Y. Feb. 15, 2023) .................3

*Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182 (S.D.N.Y. 2025) .................................... 6

*Califano v. Roman Cath. Diocese of Rockville Ctr., New York*, 751 F.Supp.3d 42 (E.D.N.Y. Sept. 24, 2024) ...................................................................................................5

*CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22 Civ. 377, 2022 WL 1639485 (S.D.N.Y. May 24, 2022) ................................................................................................ 2, 6

*DiPippo v. Cnty. of Putnam*, No. 17 Civ. 7948 (NSR), 2019 WL 1004152 (S.D.N.Y. Feb. 28, 2019) .............................................................................................. 6

*In re Currency Conversion Fee Antitrust Litig.*, No. M21-95, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002) ................................................................................................. 2

*Jones v. Bock*, 549 U.S. 199 (2007) .................................................................................7

*Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533 (S.D.N.Y. 2022) .......... 3, 5, 6

*Khan v. New York City*, 757 F. Supp. 3d 327 (E.D.N.Y. 2024). ...........................................2, 3

*Mazyck v. Keller*, 531 F. Supp. 3d 630 (W.D.N.Y. 2021) ......................................................7

*Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21 Civ. 6165, 2022 WL 44772 (S.D.N.Y. Jan. 4, 2022) ....................................................................................5

*Pullman v. Collins*, No. 24 Civ. 1383, 2025 WL 1004731 (S.D.N.Y. Apr. 3, 2025) ...............2, 5

*Stolarik v. City of New York*, No. 15 Civ. 5858, 2017 WL 4712423 (S.D.N.Y. Sept. 7, 2017) .. 4

**Rules**

Federal Rule of Civil Procedure 33(a) .....................................................................................5

Federal Rule of Civil Procedure 45(c)(1)(A) ...........................................................................5

**INTRODUCTION**

Several claims in this case will proceed to discovery because they are not the subject of the partial motion to dismiss brought by Defendants Orange County, Gessner, Mullins, Conca, Palmer, Sedita, Narcise, and Lattimer (the "County Defendants"). Specifically, County Defendants have not challenged the sufficiency of Plaintiff Tammi Green's allegations that the individual defendants deprived her of her right to freely exercise her religion in contravention of the Free Exercise Clause or failed to intervene to prevent those deprivations. Because Ms. Green is entitled to discovery on these claims regardless of the outcome of the partial motion to dismiss, staying all discovery is unwarranted and would severely prejudice Ms. Green's interest in the timely resolution of her claims.

**BACKGROUND**

Ms. Green is a practicing Muslim woman who suffered religious discrimination and retaliation by Orange County and its officers when they forced her to remove her hijab for booking and jail identification photos and targeted her with retaliatory cell sweeps involving the confiscation and destruction of her religious items. Jail officials also violated Ms. Green's religious and constitutional rights when they served her meals that did not meet her religious dietary requirements during the holy month of Ramadan, forcing her to go without food for extended periods of time. Am. Compl., ECF No. 36.

On June 23, 2025, five of eight Defendants filed a letter indicating their intent to file a partial motion to dismiss. *See* ECF No. 37. One week later, the Court issued a briefing schedule for the partial motion. ECF No. 40.

Despite not requesting a stay of discovery in any previous filing, Defendants' counsel informed Plaintiff's counsel at their Rule 26(f) conference on July 10, 2025, that she would not agree to a scheduling order or participate in full discovery until the motion was decided. *See* Declaration of Kellie Lagitch in Support of Motion For Stay of Discovery dated August

1

27, 2025 ("Lagitch Decl.") ¶ 11. After Ms. Green served her initial disclosures and first set of discovery requests, County Defendants filed a pre-motion conference letter requesting a conference on their anticipated motion to stay. ECF No. 44. On August 27, 2025, County Defendants served their motion.

## ARGUMENT

### I.  A STAY OF DISCOVERY IS NOT WARRANTED

Discovery "should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024). Rather, a party seeking a stay "must establish good cause for the stay," as determined by "(1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Pullman v. Collins*, No. 24 Civ. 1383, 2025 WL 1004731, at *1 (S.D.N.Y. Apr. 3, 2025). Courts also "tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22 Civ. 377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (cleaned up). Because the partial motion will not dispose of the entire action, and County Defendants have not established good cause for the stay, the motion to stay should be rejected.

#### A.  The Pending Partial Motion to Dismiss Is Not Dispositive

There is no good cause for a stay. Because the pending motion to dismiss is only partial, the parties will be engaging in discovery regardless of the outcome of the motion.

County Defendants correctly note that a stay of discovery is warranted under some circumstances "pending resolution of a potentially dispositive motion." Memorandum of Law Submitted on Behalf of the County Defendants ("Def. Mem.") at 2 (quoting *In re Currency Conversion Fee Antitrust Litig.*, No. M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)). But the County Defendants' partial motion is *not* potentially dispositive, as

2

it does not challenge the central Free Exercise claims of the Amended complaint. County Defendants have not cited any case in which a court granted a motion to stay discovery in full pending a *partial* motion to dismiss. Because the parties "will be engaged in discovery" here "regardless of the outcome of the" partial motion, "there is no prejudice to Defendants in proceeding with discovery." *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022). The Court should reject the County Defendants' arguments to the contrary.

**B.     The Scope of Discovery is Sufficiently Narrow**

The scope of discovery is sufficiently narrow, and the partial motion to dismiss will not meaningfully narrow it further. Regardless of the outcome of that motion, Ms. Green will still be entitled to discovery into the circumstances surrounding her free exercise, failure to intervene, and retaliation claims against the Individual Defendants. *Khan*, 757 F. Supp. 3d at 336; *see also id.* at 335 (collecting cases denying stays pending partial motions to dismiss). Accordingly, County Defendants will still be required to produce discovery concerning Ms. Green's booking and identification photographs, the retaliatory cell sweeps in 2024 and 2025, and the confiscation and destruction of her religious property. Am. Compl. ¶¶ 42-122. That is exactly the discovery Ms. Green seeks now. Where, as here, the resolution of a partial motion to dismiss "will not meaningfully change the scope or burden of discovery," a stay of discovery is "less appropriate." *Bennett v. Cuomo*, No. 22 Civ. 7846, 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023).

County Defendants contend that Ms. Green's requests for policy documents "will become irrelevant if the motion to dismiss is granted against the County of Orange." Def. Mem. at 2. But Ms. Green's requests—which seek documents concerning the County's policies related to the taking and storing booking and identification photographs, religious accommodations, and officers' obligations to intervene to prevent unconstitutional acts—are

3

all relevant to her claims against the Individual Defendants and she will be entitled to discovery on them regardless of the outcome of the partial motion. *See, e.g.*, *Stolarik v. City of New York*, No. 15 Civ. 5858, 2017 WL 4712423, at *4 (S.D.N.Y. Sept. 7, 2017) (in First Amendment retaliation case, "Defendants' departure from usual practice provides evidentiary support for Plaintiff's claim that the reason for [defendants'] decision was retaliation") (collecting cases).

County Defendants' argument against "onerous" and "unnecessary" discovery into prior complaints against "officers who may be dismissed from this action" is a red herring: <u>Even if the anticipated motion were granted in full, only one of seven individual defendants would be dismissed from this action</u>. Although the partial motion challenges the retaliation claims against Defendants Narcise, Lattimer, and Gessner ECF No. 52 at 14, Ms. Green's free exercise claims against those Defendants and her failure to intervene claims against Narcise and Gessner remain unchallenged, Am. Compl. ¶¶ 148-68, along with all of her claims against Defendants Conca, Palmer, and Sedita. Thus, in all events, County Defendants will have to respond to Ms. Green's discovery requests relevant to the individual defendants regardless of the outcome of the partial motion.[1]

County Defendants also argue that they cannot respond to Ms. Green's request seeking documents that support their defenses and affirmative defenses in this action because their time to answer the Amended Complaint has been extended until after the Court decides its partial motion to dismiss. Def. Mem. at 3. But because the requests are "to be considered as continuing," Defendants are entitled to (and expected to) supplement their

---

[1] To the extent County Defendants object to the fact that Plaintiff "provides no time frame" for her request concerning grievances against the individual officers named in the suit, those concerns should be addressed through the normal course: By responding to the requests and participating in a meet-and-confer to reach a resolution regarding the scope of the request.

4

responses with additional information as necessary, and participating in discovery now does not impede their ability to fully answer discovery requests later. Def. Motion, Exhibit B, "Plaintiff's First Set of Document Requests and Interrogatories to Defendants" at 6.

In sum, Ms. Green seeks narrow discovery that she will be entitled to regardless of the outcome of the partial motion. Indeed, she sent just 25 document requests and 12 interrogatories to all eight Defendants—well "below the amount allowed under the rules." *Pullman*, 2025 WL 1004731, at *1 (citing Fed. R. Civ. P. 33(a) (allowing up to 25 interrogatories per party)). There is no good cause for a stay based on the "breadth" of discovery.

### C. A Stay Would Severely Prejudice Ms. Green

Ms. Green would be significantly prejudiced by a stay of discovery because it would delay her ability to effectively litigate her claims. *See, e.g.*, *Califano v. Roman Cath. Diocese of Rockville Ctr., New York*, 751 F.Supp.3d 42, 55 (E.D.N.Y. Sept. 24, 2024) (denying motion to stay and finding prejudice existed because "discovery is necessary to proceed with this case").

Similarly, Ms. Green will be prejudiced by the unavailability of material witnesses caused by the passage of time. *See Kaplan*, 610 F. Supp. 3d at 535 (finding prejudice where, "[a]s more time passes, the higher the risk that witnesses will become unavailable"); *Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21 Civ. 6165, 2022 WL 44772, at *1 (S.D.N.Y. Jan. 4, 2022) (same). Several material witnesses named in Ms. Green's initial disclosures are temporarily incarcerated at Orange County Jail and may soon be transferred to other facilities upstate or out of state, raising a substantial risk that witnesses will move beyond the reach of subpoena power. Fed. R. Civ. P. 45(c)(1)(A).

5

Even if the Court were to find that Ms. Green would not be prejudiced by a delay of discovery, "lack of prejudice alone does not merit a stay." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025).

### D. County Defendants Have Not Met Their Burden of Proving the Strength of Their Anticipated Motion

County Defendants have not proven the strength of their anticipated partial motion. As an initial matter, because there is "no pending motion that potentially disposes of this entire action," this factor weighs against them. *CT Espresso LLC*, 2022 WL 1639485, at *2 (denying stay pending a partial motion to dismiss). Moreover, as the party seeking a stay, County Defendants have failed to meet their burden to "present substantial arguments for dismissal" or make "a strong showing that the plaintiff's claim is unmeritorious." *Kaplan*, 610 F. Supp. 3d at 534 (citations omitted).

All of Ms. Green's claims are properly pleaded. She alleges that Orange County has a custom or practice of requiring religiously observant inmates to remove religious head coverings for photographs, in violation of the First Amendment and RLUIPA. Am. Compl. ¶¶ 70-77, ECF No. 39 at 1-2. The dozens of alleged incidents far exceed the minimum threshold for *Monell* claims to survive a motion to dismiss in this Circuit, where this Court and others have sustained *Monell* claims involving allegations of "only a few examples of similar conduct." *DiPippo v. Cnty. of Putnam*, No. 17 Civ. 7948 (NSR), 2019 WL 1004152, at *10 (S.D.N.Y. Feb. 28, 2019) (collecting cases).

As to the retaliation claims against Defendants Gessner, Narcise and Lattimer, Ms. Green alleged that she complained to Gessner about insufficient recreation time, quoting the jail's regulations during their conversation. Am. Compl. ¶ 84-86. Her complaint was verbally disclosed to Defendants Narcise and Lattimer, who joined Defendant Gessner in a targeted raid of her cell "immediately" thereafter. *Id.* ¶¶ 83-90. At this time, Gessner

6

explicitly told her, "The next time you want to quote the law at me, you should know that I am the law in here." *Id.* ¶ 94. These allegations are sufficient to allege a causal connection between the protected activity and adverse action. *Mazyck v. Keller*, 531 F. Supp. 3d 630, 646 (W.D.N.Y. 2021).

With respect to the PLRA, County Defendants have not demonstrated that on the face of her Amended Complaint, Ms. Green failed to exhaust her administrative remedies with respect to March and April 2025 incidents. The "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Significant fact questions preclude dismissal of any claims under the PLRA. Because County Defendants have not carried their burden to demonstrate good cause, their stay application should be denied.

## CONCLUSION

The Court should deny the County Defendants' motion to stay discovery pending the decision on their partial motion to dismiss.

Dated: September 26, 2025
      New York, New York

KAUFMAN LIEB LEBOWITZ
& FRICK LLP

_____
Alyssa Isidoridy
Alanna Kaufman

18 E. 48th Street, Suite 802
New York, New York 10017
(212) 660-2332

7

8

        COUNCIL ON AMERICAN ISLAMIC RELATIONS – NEW YORK

        */s/ Lamya Agarwala*
Lamya Agarwala
Burhan Carroll

80 Broad Street, 5th Floor
New York, New York 10009
(646) 665-7599

*Attorneys for Plaintiff*