USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMMI GREEN,

                                    Plaintiff,

          -against-

ORANGE COUNTY, ET AL.,

                                    Defendants.

7:25 CV 03278

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Tammi Green ("Plaintiff" or "Green"), who is a practicing Muslim, commenced this action on or about April 21, 2025, pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act (RLUIPA"), against Orange County and several employees of the Orange County Correctional Facility asserting claims of religious discrimination. (Complaint, ECF No. 1.) On June 6, 2025, Plaintiff filed an amended complaint asserting similar claims. (ECF No. 35.) According to Plaintiff, her claims arise from being forced to remove her hijab following her arrest and detention at the Orange County Correctional Facility, impermissible searches of her cell, damage to religious items, and the facility's failure to accommodate her dietary requirements as a Muslim. *Id.*

By letter dated June 23, 2025, Defendants sought leave of Court to move to dismiss claims asserted against Defendants Orange County, Angelo Narcis, Michael Lattimer and Daniel Mullins. (ECF No. 37.) Plaintiff opposed the application. (ECF No. 39.) By Memo Endorsement dated June 30, 2025, this Court set a briefing schedule for Defendants' anticipated motion to dismiss. (ECF No. 40.) Before the Court is Defendants' motion to stay discovery pending resolution of the motion to dismiss. (ECF No. 57.) For the following reasons, Defendants' motion to stay is GRANTED.

1

Fed. Rul. Civ. Pro. 26(c)(1) (B) and (D) provide in relevant part that, upon a showing of good cause, a district court may issue an order to protect a party from, *inter alia*, undue burden or expense "specifying terms, including time and place for the disclosure or discovery" and "limiting the scope of disclosure or discovery to certain matters." The party seeking the stay bears the burden of showing good cause. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citing *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. Appx. 504, 505 (2d Cir. 2011)). A showing of good cause requires a distinct and specific demonstration of fact, which may include the particular circumstances and the posture of the case, as opposed to a generalized set of circumstances. *Id.* The decision to grant a stay of discovery is generally left to the discretion of the district court. *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The mere filing of a motion to dismiss does not automatically warrant the issuance of a stay. *See Goris v. Deloitte,* No. 25 CIV. 1532 (JPC), 2025 WL 1636079, at *1 (S.D.N.Y. June 9, 2025) (internal citations omitted). Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Christie's Inc.*, 316 F. Supp. 3d at 677 (quoting *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-CV-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014)).

In support of its motion to stay discovery, Defendants assert that Plaintiff's discovery requests are overly broad and primarily concern the *Monell* claims they seek to dismiss. (*See generally* Def. Mem. of Law, ECF No. 59.) Defendants further assert courts in this circuit frequently stay discovery pending the resolution of a motion to dismiss until such time as individual liability can be established in order to minimize litigation time and expense. *See Dixon v. City of Buffalo*, No. 1:19-CV-1678, 2022 WL 22834228, at *4 (W.D.N.Y. Mar. 8, 2022) (quoting *Gavin v. City of New York*, 2021 WL 3774113, *5 (S.D.N.Y. 2021) ("It has long been the position of courts in the Second Circuit that since the [municipality's] liability is derivative of the

individual defendants' liability, and since the proof required to establish a *Monell* claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to address the *Monell* claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established.").

In opposition to the motion, Plaintiff asserts that a stay is not warranted because Defendants seek to dismiss only a portion of the claims asserted and do not seem to challenge the sufficiency of Plaintiff's allegations supporting her Section 1983 First and Fourteenth Amendment claims. (*See generally* Pl. Opp., ECF No. 61.) Plaintiff further asserts that even if Defendants' motion is granted in its entirety, or in part, such determination will not dispose of the entire action. *Id.*, *see also CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) ("courts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action") (internal citations omitted).

While both parties have provided compelling reasons in support of their respective positions, the Court, in the exercise of its discretion, grants the application to stay discovery pending resolution of the motion to dismiss. The issuance of the stay will help minimize unwarranted litigation time and expense, and the outcome of the pending motion to dismiss may significantly narrow the issues in this case. Accordingly, the motion to stay discovery is granted.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 57.

                                                         SO ORDERED.

Dated: June 16, 2026
White Plains, New York

                                         _____
                                              Hon. Nelson S. Roman
                                         U.S. District Court Judge, S.D.N.Y.

3